**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SKAPA HOLDINGS, LLC; OPPULUXE
HEALTH TECHNOLOGIES, LLC,

          Plaintiffs-Appellants,

  v.

ROBERT SEITZ,

          Defendant-Appellee.

No.   21-15298

D.C. No. 2:20-cv-00611-DJH

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted December 10, 2021**
San Francisco, California

Before: GOULD and COLLINS, Circuit Judges, and EZRA,*** District Judge.

Appellants SKAPA Holdings, LLC and Oppuluxe Health Technologies,

LLC appeal the district court's grant of Robert Seitz's motion to dismiss for lack of

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***   The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review *de novo* a district court's dismissal for lack of personal jurisdiction. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017). The plaintiffs bear the burden of establishing that personal jurisdiction is proper, and because the district court did not hold an evidentiary hearing, factual conflicts must be construed in the light most favorable to plaintiffs. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002). Because Arizona's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution, the jurisdictional analysis in this case matches that under the Due Process Clause of the Fourteenth Amendment. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017); Ariz. R. Civ. P. 4.2(a). Only specific jurisdiction is at issue in this appeal.

A district court has specific personal jurisdiction when: (1) the nonresident defendant "purposefully avails" himself of the privilege of conducting activities in the forum state or "purposefully direct[s]" his activities to the forum state; (2) the claim "arises out of or relates to the defendant's forum-related activities;" and (3) exercising jurisdiction is consistent with "fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). As a general matter, the "purposeful availment" standard is used for contract claims and the "purposeful direction" standard is used for torts claims. *Id.* Here, the

2

district court did not err in dismissing Appellants' claims for lack of personal jurisdiction.

2. Upon *de novo* review, we agree with the district court that Seitz did not purposefully avail himself of the privilege of conducting activities in Arizona. Appellants had reached out to him for the express purpose of raising capital in Canada, and Seitz performed all his work for the venture in Canada, where he lives. Seitz never visited Arizona. Seitz's electronic communications with Hassan and Shotey while they were in Arizona are insufficient to establish personal jurisdiction. *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991) (noting that "ordinarily use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the forum state") (internal quotation and punctuation omitted).

The Nondisclosure Agreement (NDA) that Seitz signed in Canada also fails to establish a substantial connection between him and Arizona. Although the NDA has an Arizona choice-of-law provision, this alone is insufficient to confer jurisdiction. *Lazar v. Kroncke*, 862 F.3d 1186, 1202 (9th Cir. 2017). Nor does the NDA that Seitz signed "envision continuing and wide-reaching contacts" in Arizona. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 (1985). The NDA was a preliminary step for the parties to share information so that Seitz could raise capital for the venture. It is categorically different from the 20-year, highly-

structured franchise contract that the Supreme Court found to confer jurisdiction in *Burger King*. 471 U.S. at 479–80. Any connections between Seitz and Arizona arose from Appellants' choice to be there, but the plaintiffs' connections with the forum state cannot control the jurisdictional analysis. *Walden v. Fiore*, 571 U.S. 277, 285 (2014); *Picot v. Weston*, 780 F.3d 1206, 1212–14 (9th Cir. 2015).

3. Nor did Seitz purposefully direct his activities to Arizona such that Arizona can exercise jurisdiction over him for Appellants' tort claims. Under the three-pronged purposeful direction test, a defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods*, 874 F.3d at 1069. Here, the first prong is satisfied by the intentional torts that Appellants allege Seitz committed, *Picot*, 780 F.3d at 1214, but the Appellants fail at the second prong. Seitz's knowledge that Appellants were residents of Arizona is insufficient on its own to satisfy the "express aiming" prong. *Walden*, 571 U.S. at 285–88; *Axiom Foods*, 874 F.3d at 1069–70. To the extent that Appellants argue that the intellectual property was located in Arizona, the intellectual property was only located in that state because that is where Appellants "chose to be." *Walden*, 571 U.S. at 290. Appellants did not establish that Seitz purposefully directed any allegedly tortious conduct to Arizona, the forum state. The district court did not err in dismissing this case for lack of personal jurisdiction.

4

**AFFIRMED.**